UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JERMAINE VERDIN | § | C.A. NO. |
| | § | |
| VS. | § | |
| | § | |
| ANADARKO PETROLEUM | § | |
| CORPORATION | § | JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Jermaine Verdin ("Plaintiff"), complaining of Defendant Anadarko Petroleum Corporation, and, for cause of action, would respectfully show this Honorable Court as follows:

**I. PARTIES**

1.1     Plaintiff Jermaine Verdin, is a U.S. citizen and resident of Louisiana.

1.2     Defendant Anadarko Petroleum Corporation ("Anadarko"), is a Delaware corporation with is principal place of business in Houston, Harris County, Texas, doing business in this District, Division, and the State of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

**II. JURISDICTION**

2.1     This case is brought pursuant to the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C.A. § 1301, *et seq.*

### III. VENUE

3.1.    Venue is proper under OCSLA jurisdiction, under 28 U.S.C. §1391, as Defendant resides in this District.

### IV. FACTS

4.1    On or about October 31, 2015, Plaintiff was employed as a rigger for Dolphin Services, working aboard Anadarko's Heidelberg spar platform located offshore in the Gulf of Mexico, and was seriously injured while manually lifting metal plating in adverse weather conditions.

### V. CAUSE OF ACTION

**A.    NEGLIGENCE AND GROSS NEGLIGENCE**

5.1    As stated above, on or about October 31, 2015, Plaintiff sustained serious and disabling injuries to his neck, shoulder and back, among other injuries, while performing operations on Defendant's platform.

5.2    Plaintiff would show that nothing he did or failed to do on the occasion in question caused or in any way contributed to cause his injuries. To the contrary, the occurrence in which Plaintiff was injured and the injuries which he sustained were proximately caused by the negligence and/or gross negligence, as those terms are understood in law, on the part of Defendant, its agents, servants and/or employees, including Defendant's PIC, who were acting in the course and scope of their employment for Defendant at all times material to this cause of action.

5.3     Plaintiff would further show that Defendant had custody or control of the platform, and was responsible for maintaining the platform in a reasonably safe condition, free from hazards that would expose the Plaintiff to injury.

5.4     Defendant also maintained control over the details of the work being performed at the work site in question and the right of control over the work being performed by all of the men at the work site in question, including the Plaintiff. Defendant had the right of supervision of the details of the procedures, equipment, devices, instructions, methods, and manner of work being performed. Further, Defendant was in overall charge of safety at the job site in question, and owed Plaintiff a duty to exercise reasonable care to insure that said work by all contractors at the work site in question, was done in a safe and prudent manner.

5.5     As a result of Defendant's actions and/or inactions, Plaintiff has been caused to endure considerable pain and suffering, and as a result thereof, was obliged to obtain medical care and treatment, caused to lose time from his employment, and sustain the monetary and financial loss occasioned by said lost time from work.  Plaintiff has been prevented, and in all likelihood will continue to be prevented, from engaging  in his usual occupations, pastimes and pursuits which he would have engaged in but for the injury aforementioned.

5.6     In addition to the above negligent acts, Defendant acted willfully, and with malice, or recklessness, in doing the things alleged, and were grossly negligent in the aforementioned particulars.

5.7     The federal regulations applicable to Defendant's platform specifically state, "The goal of your required SEMS program is to promote safety and environmental protection by ensuring all personnel aboard a facility are complying with the policies and procedures." 30 C.F.R. § 250.1901.  The SEMS regulations contained in the Code of Federal Regulations set out a comprehensive scheme designed to ensure owners like Defendant develop and have in place a safety program that meets minimum safety requirements, to include general safety, hazard analysis, safety and environmental information, management of change, safe work practices, training, auditing, operating procedures, pre-startup review, record keeping, SOP work authority, ultimate work authority, reporting unsafe work conditions, and job safety analysis, among others. 30 C.F.R. § 250.1902.  Pursuant to 30 C.F.R. § 250.1900, *et seq.*, Defendant had a non-delegable duty to supervise contractors on the platform, and for ensuring that all personnel on the platform followed Safe Work Practices.  Defendant was responsible for ensuring that all of its contractors worked together to operate in a safe and environmentally responsible manner.

## VI.  DAMAGES (PECUNIARY AND NON-PECUNIARY)

6.1     As a result of these occurrences and negligent acts, Plaintiff sustained severe and permanent injuries to his body.  In addition to the expenses incurred by him and incapacity to labor caused by his injuries, he has been put to much expense for treatment; such expense is still continuing and he is unable to state the full amount thereof.

6.2     Categorical damages which Plaintiff seeks to recover from Defendants include compensation for the following:

    (a)    physical disability sustained by Plaintiff from the date of injury to the time of trial;

    (b)    future physical disability reasonably anticipated to be sustained by Plaintiff in the future;

    (c)    physical pain and suffering and mental anguish sustained by Plaintiff from the date of injury to time of trial;

    (d)    physical pain and suffering and mental anguish which is reasonably anticipated to be suffered by Plaintiff in the future;

    (e)    loss or earnings sustained by Plaintiff from the date of injury to time of trial;

    (f)    loss of earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

    (g)    reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from the date of injury to time of trial;

    (h)    reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

    (i)    past and future physical disfigurement;

    (j)    past and future physical impairment; and

    (k)    punitive damages.

## VII. INTEREST

7.1     Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## VIII. JURY DEMAND

8.1 Plaintiff demands a jury trial herein.

WHEREFORE, Plaintiff prays:

(a) that process in due form of law according to the practice of this Honorable Court issue against Defendant summoning them to appear and answer, all and singular, the matters aforesaid;

(b) that a judgment may be entered in favor of Plaintiff against Defendants, jointly and severally, for the amount of his claims to be determined, including for actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and postjudgment interest; punitive damages; attorney's fees; costs of suit; and

(c) for such other and further relief as the Court and justice may deem just and appropriate under the circumstances of the cause, and to which Plaintiff is entitled.

Respectfully submitted,

*/s/ Marcus R. Spagnoletti*
Marcus R. Spagnoletti
SBN 24076708 / SDTX 1139660
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone: 713-653-5600
Facsimile: 713-653-5656
marcus@spaglaw.com

**OF COUNSEL**:

SPAGNOLETTI & CO.
Mary Holmesly
Texas Bar No. 24057907 / SD Tex. No. 890192
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone: 713-653-5600
Facsimile: 713-653-5656
mholmesly@spaglaw.com
*Attorneys for Plaintiff*