Case 4:16-cv-02647   Document 14   Filed in TXSD on 12/07/16   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
December 07, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JERMAINE VERDIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-2647 |
| | § | |
| ANADARKO PETROLEUM CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant Anadarko Petroleum Corporation's Motion to Dismiss or, Alternatively, Motion for More Definite Statement ("Defendant's Motion to Dismiss") (Docket Entry No. 7). For the reasons stated below, Defendant's motion will be granted in part and denied in part.

### I.  Factual and Procedural Background

Plaintiff Jermaine Verdin filed this action on August 30, 2016, alleging that on or about October 31, 2015, he was employed as a rigger for Dolphin Services. While working aboard Anadarko Petroleum Corporation's ("Anadarko") Heidelberg spar platform, located offshore in the Gulf of Mexico, he was injured while manually lifting metal plating in adverse weather conditions. Verdin sustained injuries to his neck, shoulder, and back.

Verdin claims that his injuries were caused by the negligence or gross negligence of Anadarko or its agents, servants, or

employees. Verdin also claims that Anadarko violated federal regulations regarding offshore Safety and Environmental Management Systems (SEMS), specifically 30 C.F.R. § 250.1900, et seq. Verdin seeks actual and punitive damages as well as attorney's fees. Verdin invokes the jurisdiction of this court under the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1301, et seq.

Anadarko moves to dismiss for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, alternatively, moves for a more definite statement pursuant to Rules 8 and 12(e).

## II. Analysis

### A.  Applicable Law

#### 1.  Rule 12(b)(6)

A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom. Cloud v. United States, 122 S. Ct. 2665 (2002). To defeat a motion to dismiss a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). The court generally is not to look beyond the pleadings in deciding a motion to dismiss. Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999). In addition, the court may take judicial notice of matters

of public record. See Joseph v. Bach & Wasserman, L.L.C., 487 F. App'x 173, 178 n.2 (5th Cir. 2012) ("[T]he court may take judicial notice of matters of public record." (citing Funk v. Stryker Corp., 631 F.3d 777 (5th Cir. 2011))); Norris v. Hearst Trust, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."). Extrinsic materials such as public records may be attached to a motion to dismiss without converting the motion into a motion for summary judgment. Maryland Manor Associates v. City of Houston, 816 F. Supp. 2d 394, 404 n.5 (S.D. Tex. 2011). A judicially noticed fact must be one not subject to reasonable dispute in that it is either "(1) [] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

When a party presents "matters outside the pleadings" with a motion to dismiss, the court has discretion to either accept or exclude the evidence for purposes of the motion to dismiss. See McBurney v. Cuccinelli, 616 F.3d 393, 410 (4th Cir. 2010) ("'As is true of practice under Rule 12(b)(6), it is well-settled that it is within the district court's discretion whether to accept extra-pleading matter on a motion for judgment on the pleadings and treat it as one for summary judgment or to reject it and maintain the character of the motion as one under Rule 12(c).'" (quoting 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure

§ 1371 (3d ed. 2010))); Isquith ex rel. Isquith v. Middle South Utilities, Inc., 847 F.2d 186, 194 n.3 (5th Cir. 1988) ("Rule 12(b) gives a district court 'complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion.'" (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1366 (1969))). However, "[i]f . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56" and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

2. Rule 8(a)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." While it is not necessary for a plaintiff to plead specific facts, he must articulate "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 127 S. Ct. at 1955). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to establish a plausible claim. Id.

## B. Application

Defendant seeks dismissal of Plaintiff's claims for punitive damages, attorney's fees, and alleged violations of 30 C.F.R. § 250 for failure to state a claim upon which relief may be granted. Plaintiff objects to the inclusion of exhibits in support of Defendant's Motion to Dismiss and argues that the motion should be treated as a motion for summary judgment.

First, Plaintiff does not contest that "his claim is governed by Louisiana law to the degree it is not inconsistent with federal law" or that "personal injury claimants are ordinarily ineligible to recover punitive damages and attorneys' fees."[1]  Because Plaintiff concedes the bases for Defendant's Motion to Dismiss, the court need not look to the attached exhibits in order to reach its conclusions.  Excluding that evidence, the court concludes that Plaintiff is not entitled to punitive damages or attorney's fees.

Second, Defendant's exhibits are all matters of public record not subject to reasonable dispute.  As such, the court may take judicial notice of the facts set forth in those exhibits in order to reach the appropriate legal conclusions.  Upon taking judicial notice of the attached exhibits, the court concludes that Louisiana law applies and that Plaintiff is not entitled to punitive damages or attorney's fees.

---

[1] Plaintiff's Response in Opposition to Defendant Anadarko Petroleum Corporation's Motion to Dismiss, or Alternatively, Motion for More Definite Statement ("Plaintiff's Response"), Docket Entry No. 12, pp. 3-4.

Finally, as Plaintiff's concession shows, treating Defendant's Motion to Dismiss as a summary judgment motion would have the same effect on Plaintiff's claims. There exists no genuine dispute as to any material fact regarding the applicable law or its effect on Plaintiff's claims for punitive damages and attorney's fees. Defendant's exhibits would meet its burden under Rule 56, and Plaintiff's claims would be subject to summary judgment.

For these reasons, the court concludes that Plaintiff has failed to state a claim upon which punitive damages or attorney's fees may be granted. Plaintiff's claims for those forms of relief will be dismissed.

As to the lack of a private cause of action under 30 C.F.R. § 250, Plaintiff's Original Complaint does not premise an action on the regulations. Plaintiff cites the SEMS regulation in a paragraph under the heading of a cause of action for "Negligence and Gross Negligence."[2] As Plaintiff states in his Response, the cited regulations are intended as support for his negligence claim as evidence of Defendant's duty of care, not as a basis for a separate cause of action.[3] Plaintiff's delineation of his claims as tort claims is sufficiently plain to meet the standards of Rule 8(a).

Plaintiff's negligence and gross negligence claims, along with his premises liability allegations, meet the standards of

---

[2]Plaintiff's Original Complaint, Docket Entry No. 1, p. 4 § 5.7.

[3]Plaintiff's Response, Docket Entry No. 12, p. 7.

Rule 8(a). With respect to Plaintiff's other claims, Defendant's Motion to Dismiss or for a more definite statement will therefore be denied.

### III. Conclusions and Order

For the reasons stated above, Defendants' Motion to Dismiss (Docket Entry No. 7) is **GRANTED in part** and Plaintiff's claims for punitive damages and attorney's fees are **DISMISSED with prejudice**. Defendant's Motion to Dismiss paragraph 5.3 of Plaintiff's Original Complaint or, in the alternative, for a more definite statement is **DENIED**.

**SIGNED** at Houston, Texas, on this 7th day of December, 2016.

_____<br>
SIM LAKE<br>
UNITED STATES DISTRICT JUDGE